The Honorable James L. Robart

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JONATHAN BRACE, BLAKE HOLDEN, JASON WOODS, and YVONNE WOODS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FRED MEYER STORES, INC., a foreign profit corporation; FRED MEYER, INC., a foreign profit corporation; FRED MEYER JEWELERS, INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No. 2:25-cv-01776-JLR<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiffs Jonathan Brace, Blake Holden, Jason Woods, and Yvonne Woods (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated ("Class"), bring this action against Defendants Fred Meyer Stores, Inc.; Fred Meyer, Inc.; and Fred Meyer Jewelers, Inc. (collectively, "Defendants" or "Fred Meyer") and allege, upon personal knowledge as to Plaintiffs' own actions and Plaintiffs' counsel's investigation, and upon information and belief as to all other matters, as follows:



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

# I. NATURE OF THE CASE

1. This is a class action lawsuit to remedy Defendants' business practice of illegally restricting, restraining, and prohibiting low-wage workers from engaging in lawful professions, trades, and businesses and from accepting or transacting business with customers in violation of Washington's noncompetition law. *See* ch. 49.62 RCW.

2. The Washington Legislature ("Legislature") enacted chapter 49.62 RCW, effective January 1, 2020, to facilitate workforce mobility and protect low-wage workers by prohibiting restrictive covenants that limit competition or hiring. *See* RCW 49.62.005.

3. In so doing, the Legislature found that "[w]orkforce mobility is important to economic growth and development" and that "[a]greements limiting competition or hiring may be contracts of adhesion that may be unreasonable." RCW 49.62.005(1)-(2).

4. The Legislature defined a "noncompetition covenant" to include "every written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind." RCW 49.62.010(4).

5. Effective January 1, 2020, "an employer may not restrict, restrain, or prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed." RCW 49.62.070(1).

6. In prohibiting employers from restricting low-wage workers' ability to hold supplemental employment, the Legislature—as confirmed by the Washington Supreme Court—recognized that "many low wage workers must work multiple jobs" to earn a livable wage and "to provide for themselves and their families." *David v. Freedom Vans, LLC*, 4 Wn.3d 242, 244, 253 (2025). Recognizing this economic reality, the Legislature specifically intended to "broadly protect" these economically vulnerable workers "by allowing them to secure supplemental employment within their industry." *Id.* at 249 n.3 (citing ENGROSSED SUBSTITUTE H.B. 1450, 66th Leg., Reg. Sess. (Wash. 2019)).



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

7. If an employer seeks greater control over their employees by restricting the worker's freedom to hold an additional job, "they have a simple solution—pay the worker more than twice the applicable state minimum hourly wage." *Id.* at 260 (Lewis, J., concurring).

8. To better protect Washington workers from unreasonable and illegal restrictive covenants, the Legislature mandated that chapter 49.62 RCW "be construed liberally for the accomplishment of its purposes." RCW 49.62.110.

9. In 2024, the Legislature further clarified the liberal construction mandate of chapter 49.62 RCW in response to courts "misinterpret[ing]" the statutory provisions and "fail[ing] to embrace that the statute should be liberally construed." S.B. REP. ON ENROLLED SUBSTITUTE S.B. 5935, 68th Leg., Reg. Sess. (Wash. Feb. 6, 2024) ("ESSB 5935 Bill Report"). The Legislature emphasized the importance of this liberal mandate by repeating its express requirement that courts "liberally constru[e]" the "provisions in [chapter 49.62 RCW] facilitating workforce mobility and protecting employees and independent contractors" and "narrowly constru[e]" its exceptions. RCW 49.62.005(3); SSB 5935, 68th Leg., Reg. Sess. (Wash. 2024) (effective June 6, 2024); *see also David*, 4 Wn.3d at 245, 247, 248-50 (applying liberal construction to RCW 49.62.070).

10. In the 2024 amendments, the Legislature also clarified that the prohibition on noncompetition covenants includes "agreement[s] that directly or indirectly prohibit[] the acceptance or transaction of business with a customer." RCW 49.62.010(4). The Legislature intended to clarify that an employer cannot prevent a former employee from accepting business from customers. ESSB 5935 Bill Report at 4. This amendment was, again, in direct response to "courts . . . misconstru[ing] nonacceptance of business clauses as nonsolicitation covenants." *Id.*

11. Supporters of the 2024 amendments highlighted the harm of noncompete clauses generally, noting that these restrictions "interfere with a person's ability to seek or accept a new job," "suppress wages[,] and allow[] large companies to control workers." ESSB 5935 Bill Report at 4.

12. In violation of chapter 49.62 RCW generally, and RCW 49.62.070 specifically,



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Defendants unlawfully restricted, restrained, or prohibited Plaintiffs and over 40 Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed, while paying them less than twice the applicable state minimum hourly wage.

13. Plaintiffs and Class members seek declaratory and injunctive relief to address Defendants' illegal actions and statutory damages pursuant to RCW 49.62.080.

## II. JURISDICTION AND VENUE

14. Based on Defendants' representations in the Notice of Removal, ECF Nos. 1-2, jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

15. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the action was removed by Defendants to the United States District Court for the Western District of Washington, which embraces King County, the place where the action was pending.

## III. PARTIES

16. Plaintiff Jonathan Brace resides in Snohomish County, Washington and was employed by Defendants in Washington.

17. Plaintiff Blake Holden resides in Washington and was employed by Defendants in Washington.

18. Plaintiff Jason Woods resides in Clark County, Washington and was employed by Defendants in Washington.

19. Plaintiff Yvonne Woods resides in Clark County, Washington and was employed by Defendants in Washington.

20. Defendant Fred Meyer Stores, Inc. is a foreign profit corporation that regularly transacts business in King County, Washington, and has offices for the transaction of business in King County, Washington, including at 3550 Factoria Boulevard Southeast, Bellevue, Washington 98006; 4550 42nd Avenue Southwest, Seattle, Washington 98116; 3020 Northeast 127th Street, Seattle, Washington 98125; and 12221 120th Avenue Northeast, Kirkland, Washington 98034.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

21. Defendant Fred Meyer, Inc. is a foreign profit corporation that regularly transacts business in King County, Washington, and has offices for the transaction of business in King County, Washington, including at 3550 Factoria Boulevard Southeast, Bellevue, Washington 98006; 4550 42nd Avenue Southwest, Seattle, Washington 98116; 3020 Northeast 127th Street, Seattle, Washington 98125; and 12221 120th Avenue Northeast, Kirkland, Washington 98034.

22. Defendant Fred Meyer Jewelers, Inc. is a foreign profit corporation that regularly transacts business in King County, Washington, and has offices for the transaction of business in King County, Washington, including at 2041 148th Northeast, Bellevue, Washington 98007; 12221 120th Avenue Northeast, Kirkland, Washington 98034; and 100 Northwest 85th Street, Seattle, Washington 98117.

23. Plaintiffs are currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sue such defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiffs are informed and believe, and thereon allege, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiffs and the Class.

## IV. STATEMENT OF FACTS

**Fred Meyer's Business Operations**

24. Fred Meyer, a subsidiary of Kroger, is a chain of superstores with locations across the Pacific Northwest.

25. Fred Meyer superstores contain numerous departments, including grocery, bakery, health, beauty, baby, jewelry, clothing, shoes, toys, electronics, furniture, floral, gardening, and pets. *Shop by Department*, FRED MEYER, https://www.fredmeyer.com/d/shop-all-departments (last visited Apr. 6, 2026).

26. Fred Meyer also provides money services, including money orders, check cashing, money transfers, and bill pay. *Money Services*, FRED MEYER,



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

https://www.fredmeyer.com/o/money-services (last visited Apr. 6, 2026).

27. Fred Meyer even provides pharmacy and vaccine services. *Health Services*, FRED MEYER, https://www.fredmeyer.com/health (last visited Apr. 6, 2026).

28. According to Fred Meyer's Associate Relations Manager Zach Englander, in the approximately 8-month period from January 1, 2025, through August 25, 2025, Defendant Fred Meyer Stores, Inc. employed 13,747 individuals in the State of Washington who earned less than $33.32 per hour. Decl. of Zach Englander ISO Defs.' Notice of Removal ¶ 3, ECF No. 2.

29. Fred Meyer requires that all employees abide by the covenants set forth in its Associate Handbook, which it provides to all employees at the outset of their employment and periodically as updated versions are published.

30. The three versions of the Associate Handbook (August 2019, August 2020, and August 2022) provided to employees during the time period relevant to this complaint each contain the exact same Conflicts of Interest policy.

31. The Conflicts of Interest policy in the three Associate Handbooks states, in relevant part:

> The term "conflict of interest" describes any circumstance that could cast doubt on an associate's ability to act with total objectivity regarding the company's interests. Associates should avoid situations in which there is, or may seem to be, a conflict between the personal interests of the associate and the interests of the company. While it is impossible to anticipate every potential conflict, here are a few examples:
>
> - Ownership in concerns with which the company competes or with which it does business (other than modest investments in stocks listed on a recognized securities exchange)
>
> …
>
> - Accepting payments, services or loans from, or rendering consulting services to, persons or concerns dealing with, contemplating dealing with or in competition with the company

Associate Handbook (Aug. 2019) at 27; Associate Handbook (Aug. 2020) at 26; Associate Handbook (Aug. 2022) at 27.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

32. Fred Meyer's Conflicts of Interest policy is also reflected in the two versions of its Corporate Policy Handbook (May 2013 and August 2024) in effect during the time period relevant to this complaint.

33. The Conflicts of Interest policy in the two Fred Meyer Corporate Policy Handbooks states, in relevant part:

> Associates should avoid situations in which there is, or may seem to be, a conflict between the personal interests of the Associate and the interests of the Company. The term "conflict of interest" describes any circumstance that could cast doubt upon an Associate's ability to act with total objectivity regarding the Company's interests.
>
> While it is impossible to anticipate every potential conflict, here are a few examples:
>
> - ownership in concerns with which the Company competes or with which it does business (other than modest investments in stocks listed on a recognized securities exchange or on NASDAQ)
>
> …
>
> - accepting payments, services or loans from, rendering consulting services to, or having a romantic relationship with, persons or concerns dealing or contemplating dealing with the Company or in competition with the Company

Corporate Policy Handbook (May 2013) § 4.1; Corporate Policy Handbook (August 2024) § 4.1.

34. Upon information and belief, Fred Meyer maintains additional written covenants, oral covenants, agreements, and/or contracts restricting its employees' ability to engage in lawful professions, trades, or businesses, as well as their ability to accept or transact business with customers.

35. The outside employment covenants in the Associate Handbooks and Corporate Policy Handbooks are unlawful and unreasonable noncompetition covenants as they restrict, restrain, and/or prohibit all employees, including Plaintiffs and Class members, from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

36. The outside employment covenants in the Associate Handbooks and Corporate



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Policy Handbooks reflect a standard business practice designed to prevent Plaintiffs and Class members, i.e., low-wage workers, from having second jobs.

**Class members**

37. Class members are current and former Washington employees of Fred Meyer.

38. During the Class Period, Class members earned less than twice the applicable state minimum hourly wage as set forth below:

| Year | Washington Min. Wage | RCW 49.62.070(1) Threshold |
|---|---|---|
| 2020 | $13.50 per hour | $27.00 per hour |
| 2021 | $13.69 per hour | $27.38 per hour |
| 2022 | $14.49 per hour | $28.98 per hour |
| 2023 | $15.74 per hour | $31.48 per hour |
| 2024 | $16.28 per hour | $32.56 per hour |
| 2025 | $16.66 per hour | $33.32 per hour |
| 2026 | $17.13 per hour | $34.26 per hour |

*History of Washington State's Minimum Wage*, WASH. STATE DEP'T OF LAB. & INDUS., https://lni.wa.gov/workers-rights/wages/minimum-wage/history-of-washington-states-minimum-wage (last visited Apr. 6, 2026); RCW 49.62.070(1).

39. Despite earning less than twice the applicable state minimum hourly wage from their employer Fred Meyer, Class members were subject to, and were required to abide by, the outside employment covenants in the Associate Handbooks and Corporate Policy Handbooks.

40. Upon information and belief, Class members were subject to additional written covenants, oral covenants, agreements, and/or contracts prohibiting, restricting, or restraining them from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed despite earning less than twice the applicable state minimum hourly wage from Fred Meyer.

41. By restricting, restraining, or prohibiting Class members from having an additional job, supplementing their income by working for another employer, working as an independent



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

contractor, or being self-employed while paying them less than twice the applicable state minimum hourly wage, Fred Meyer violated Class members' statutory rights under chapter 49.62 RCW.

42. Class members suffered economic and non-economic harm and damages, including, but not limited to, lost income opportunities, reduced bargaining power, unemployment risk, and diminished career mobility as a result of being restricted, restrained, or prohibited from having an additional job by Fred Meyer.

43. Class members also suffered economic harm and damages in the form of underpaid wages as they should have been paid at least twice the applicable Washington state minimum hourly wage while being restricted, restrained, or prohibited from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

44. Class members each seek the greater of their actual damages or statutory damages of $5,000, plus their reasonable attorneys' fees and costs.

**Plaintiff Jonathan Brace**

45. Plaintiff Jonathan Brace worked for Fred Meyer in Washington state from approximately October 28, 2019, to October 14, 2024.

46. During the Class Period, Plaintiff Jonathan Brace earned less than twice the applicable state minimum hourly wage, i.e., less than $27.00 per hour in 2020, less than $27.38 per hour in 2021, less than $28.98 per hour in 2022, less than $31.48 per hour in 2023, and less than $32.56 per hour in 2024.

47. Upon hire, Plaintiff Jonathan Brace was provided a copy of Fred Meyer's Associate Handbook.

48. Plaintiff Jonathan Brace was told by management that he was required to abide by the Associate Handbook as a condition of employment.

49. As Fred Meyer published updated versions of its Associate Handbook, Plaintiff Jonathan Brace was informed by management that he was required to continue abiding by it as a



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

condition of continued employment.

50. Plaintiff Jonathan Brace was prohibited from holding supplemental employment with any Fred Meyer competitors and persons "dealing with [or] contemplating dealing with" the company as a result of being bound to Fred Meyer's Associate Handbook.

51. But for Fred Meyer binding Plaintiff Jonathan Brace to the Associate Handbook, Plaintiff Jonathan Brace would have explored opportunities to supplement his income by moonlighting at other establishments that provide products and services that compete with Fred Meyer.

52. Plaintiff Jonathan Brace suffered economic and non-economic harm and damages, including but not limited to lost income opportunities, reduced bargaining power, unemployment risk, and diminished career mobility as a result of being restricted, restrained, or prohibited from having an additional job by Fred Meyer.

53. Plaintiff Jonathan Brace also suffered economic harm and damages in the form of underpaid wages as he should have been paid at least twice the applicable Washington state minimum hourly wage while being restricted, restrained, or prohibited from having an additional job, supplementing his income by working for another employer, working as an independent contractor, or being self-employed.

54. Plaintiff Jonathan Brace seeks the greater of his actual damages or statutory damages of $5,000, plus reasonable attorneys' fees and costs.

**Plaintiff Blake Holden**

55. Plaintiff Blake Holden worked for Fred Meyer in Washington state from approximately January 2020 to October 14, 2025.

56. During the Class Period, Plaintiff Blake Holden earned less than twice the applicable state minimum hourly wage, i.e., less than $27.00 per hour in 2020, less than $27.38 per hour in 2021, less than $28.98 per hour in 2022, less than $31.48 per hour in 2023, less than $32.56 per hour in 2024, and less than $33.32 per hour in 2025.

57. Upon hire, Plaintiff Blake Holden was provided a copy of Fred Meyer's Associate



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Handbook.

58. Plaintiff Blake Holden was told by management that he was required to abide by the Associate Handbook as a condition of employment.

59. Plaintiff Blake Holden was prohibited from holding supplemental employment with any Fred Meyer competitors and persons "dealing with [or] contemplating dealing with" the company as a result of being bound to Fred Meyer's Associate Handbook.

60. But for Fred Meyer binding Plaintiff Blake Holden to the Associate Handbook, Plaintiff Blake Holden would have explored opportunities to supplement his income by moonlighting at other establishments that provide products and services that compete with Fred Meyer.

61. Plaintiff Blake Holden suffered economic and non-economic harm and damages, including but not limited to lost income opportunities, reduced bargaining power, unemployment risk, and diminished career mobility as a result of being restricted, restrained, or prohibited from having an additional job by Fred Meyer.

62. Plaintiff Blake Holden also suffered economic harm and damages in the form of underpaid wages as he should have been paid at least twice the applicable Washington state minimum hourly wage while being restricted, restrained, or prohibited from having an additional job, supplementing his income by working for another employer, working as an independent contractor, or being self-employed.

63. Plaintiff Blake Holden seeks the greater of his actual damages or statutory damages of $5,000, plus reasonable attorneys' fees and costs.

**Plaintiff Jason Woods**

64. Plaintiff Jason Woods worked for Fred Meyer in Washington state from approximately April 14, 2024, to September 7, 2025.

65. During the Class Period, Plaintiff Jason Woods earned less than twice the applicable state minimum hourly wage, i.e., less than $32.56 per hour in 2024 and less than $33.32 per hour in 2025.


**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

66. Upon hire, Plaintiff Jason Woods was provided a copy of Fred Meyer's Associate Handbook.

67. Plaintiff Jason Woods was told by management that he was required to abide by the Associate Handbook as a condition of employment.

68. As Fred Meyer published updated versions of its Associate Handbook, Plaintiff Jason Woods was informed by management that he was required to continue abiding by it as a condition of continued employment.

69. Plaintiff Jason Woods was prohibited from holding supplemental employment with any Fred Meyer competitors and persons "dealing with [or] contemplating dealing with" the company as a result of being bound to Fred Meyer's Associate Handbook.

70. But for Fred Meyer binding Plaintiff Jason Woods to the Associate Handbook, Plaintiff Jason Woods would have explored opportunities to supplement his income by moonlighting at other establishments that provide products and services that compete with Fred Meyer.

71. Plaintiff Jason Woods suffered economic and non-economic harm and damages, including but not limited to lost income opportunities, reduced bargaining power, unemployment risk, and diminished career mobility as a result of being restricted, restrained, or prohibited from having an additional job by Fred Meyer.

72. Plaintiff Jason Woods also suffered economic harm and damages in the form of underpaid wages as he should have been paid at least twice the applicable Washington state minimum hourly wage while being restricted, restrained, or prohibited from having an additional job, supplementing his income by working for another employer, working as an independent contractor, or being self-employed.

73. Plaintiff Jason Woods seeks the greater of his actual damages or statutory damages of $5,000, plus reasonable attorneys' fees and costs.

**Plaintiff Yvonne Woods**

74. Plaintiff Yvonne Woods worked for Fred Meyer in Washington state from



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

approximately October 22, 2022, to June 1, 2025.

75. During the Class Period, Plaintiff Yvonne Woods earned less than twice the applicable state minimum hourly wage, i.e., less than $28.98 per hour in 2022, less than $31.48 per hour in 2023, less than $32.56 per hour in 2024, and less than $33.32 per hour in 2025.

76. Upon hire, Plaintiff Yvonne Woods was provided a copy of Fred Meyer's Associate Handbook.

77. Plaintiff Yvonne Woods was told by management that she was required to abide by the Associate Handbook as a condition of employment.

78. As Fred Meyer published updated versions of its Associate Handbook, Plaintiff Yvonne Woods was informed by management that she was required to continue abiding by it as a condition of continued employment.

79. Plaintiff Yvonne Woods was prohibited from holding supplemental employment with any Fred Meyer competitors and persons "dealing with [or] contemplating dealing with" the company as a result of being bound to Fred Meyer's Associate Handbook.

80. But for Fred Meyer binding Plaintiff Yvonne Woods to the Associate Handbook, Plaintiff Yvonne Woods would have explored opportunities to supplement her income by moonlighting at other establishments that provide products and services that compete with Fred Meyer.

81. Plaintiff Yvonne Woods suffered economic and non-economic harm and damages, including but not limited to lost income opportunities, reduced bargaining power, unemployment risk, and diminished career mobility as a result of being restricted, restrained, or prohibited from having an additional job by Fred Meyer.

82. Plaintiff Yvonne Woods also suffered economic harm and damages in the form of underpaid wages as she should have been paid at least twice the applicable Washington state minimum hourly wage while being restricted, restrained, or prohibited from having an additional job, supplementing her income by working for another employer, working as an independent contractor, or being self-employed.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

83. Plaintiff Yvonne Woods seeks the greater of her actual damages or statutory damages of $5,000, plus reasonable attorneys' fees and costs.

## V. CLASS ACTION ALLEGATIONS

84. Class Definition. Under Fed. R. Civ. P. 23(a) and (b)(3), Plaintiffs bring this case as a class action against Defendants on behalf of the Class defined as follows:

> All current and former employees of Fred Meyer Stores, Inc.; Fred Meyer, Inc.; or Fred Meyer Jewelers, Inc. who worked in Washington and earned less than twice the applicable state minimum hourly wage from January 1, 2020, through the date of certification of the Class.

85. Excluded from the Class are Defendants and their officers and directors.

86. Numerosity. There are more than 13,747 Washington employees who earned less than twice the applicable state minimum hourly wage, and were restricted, restrained, or prohibited from having an additional job. Decl. of Zach Englander ISO Defs.' Notice of Removal ¶ 3, ECF No. 2. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

87. Commonality. Because Class members were subject to identical or virtually identical policies and practices as Plaintiffs, this is a straightforward matter of determining whether Defendants' actions violate Washington law and, if so, assessing statutory damages.

88. Typicality. Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and Class members all worked for Defendants in Washington, earned less than twice the applicable state minimum hourly wage, and were restricted, restrained, or prohibited from having an additional job.

89. Adequacy. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiffs and Plaintiffs' counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiffs nor



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Plaintiffs' counsel have interests that are contrary to or that conflict with those of the Class.

90. Predominance. Defendants have engaged in a common course of conduct of restricting, restraining, or prohibiting low-wage workers from having an additional job in violation of RCW 49.62.070. The common issues arising from Defendants' unlawful conduct affect Plaintiffs and Class members and predominate over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

91. Superiority. Plaintiffs and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful conduct. However, absent a class action, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to multiple individual lawsuits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The members of the Class and the agreements they were subject to are readily identifiable through Defendants' records.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF RCW 49.62.070
***Claim of Relief for Plaintiffs and the Class***

92. Plaintiffs incorporate by reference all foregoing factual allegations and reallege them as though fully set forth herein.

93. Defendants are "employers" as defined by RCW 49.62.010(2).

94. Plaintiffs and Class members are "employees" as defined by RCW 49.62.010(2).

95. Defendants employed Plaintiffs and Class members in Washington.

96. Plaintiffs and Class members earned less than twice the applicable state minimum wage from Defendants.

97. Defendants restricted, restrained, or prohibited Plaintiffs and Class members from



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

98. Defendants' actions and omissions violate RCW 49.62.070.

99. As a result of Defendants' actions and omissions, Plaintiffs and Class members have experienced economic and non-economic harm.

## VII. REQUEST FOR RELIEF

100. Plaintiffs, individually and on behalf of members of the Class, request that the Court enter judgment against Defendants as follows:

a. An order certifying that this action be maintained as a class action and appointing Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

b. The greater of actual damages or statutory damages of $5,000 to Plaintiffs and each Class member pursuant to RCW 49.62.080;

c. Attorneys' fees and costs pursuant to RCW 49.62.080;

d. Pre- and post-judgment interest;

e. Injunctive relief prohibiting, restraining, and enjoining Defendants from engaging in the conduct complained of herein;

f. Declaratory relief to the effect that Defendants' anti-moonlighting policies violate Washington law;

g. Leave to amend this complaint to conform to the evidence; and

h. Any additional or further relief the Court deems equitable, appropriate, or just.

DATED: April 9, 2026.

**EMERY | REDDY, PC**

By: <u>*/s/ Timothy W. Emery*</u>

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
EMERY | REDDY, PC
600 Stewart Street, Suite 1100

Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com
*Attorneys for Plaintiffs*